Filed 8/16/24  In re E.H. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re E.H. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E082744 |
| Plaintiff and Respondent, | (Super.Ct.No. INJ017418) |
| v. | OPINION |
| I.I., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elizabeth Tucker, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed.

Donna B. Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham, and Catherine E. Rupp, Deputy County Counsel, for Plaintiff and Respondent.

1

In June 2023, the Children's Services Division of the Riverside County Department of Public Social Services (the Department) investigated a sexual abuse referral involving E.H.H., who was 17 years old at the time. E.H.H. reported that her mother's husband, Mr. B. (stepfather), touched her inappropriately over her clothing while she was sleeping. I.I. (mother) called law enforcement, packed stepfather's belongings, and denied he would be allowed back in the home "ever again." Stepfather was arrested and criminal proceedings against him commenced.

Mother had been abused as a child and remembered having no one to protect her. Mother also had an extensive history with child welfare services regarding her own children, including several of her now-adult children having been removed from her care. The juvenile court previously terminated mother's parental rights to E.H.H. when E.H.H. was an infant. Subsequently however, mother and M.H. (father) regained parental roles to a degree by becoming E.H.H.'s legal guardians in 2014. Mother and father also have two other children together, E.H. (age 13) and J.H. (age 10), both of whom lived with mother.

Concerns arose over the next several months when mother did not develop a safety plan regarding whether stepfather would remain out of the home. In September 2023, the Department filed a petition for dependency jurisdiction over the remaining minor children in mother's home, E.H. and J.H. (Welf. & Inst. Code, § 300, subds. (b), (j).) The petition alleged mother and father failed to protect the children from stepfather's

2

alcohol abuse and abuse of a sibling.  An amended petition in October 2023 added further allegations regarding domestic violence and mental health treatment needed for E.H.

At a contested hearing, the juvenile court took dependency jurisdiction over the children, ordered family maintenance services for mother, and declined to order reunification services for father.  The court commented at the hearing:  "We want to make sure—I don't think this—hopefully this case won't last too long. . . .  [T]he court is concerned that there could be [a] return to the house, and I do want to make sure mom gets services so this doesn't happen again with potentially another individual."

Only mother appealed, seeking reversal of juvenile court jurisdiction over the children.

Subsequently, following the completion of appellate briefing by the parties, mother filed a request for judicial notice (RJN).  (Citing Code Civ. Proc., § 909.)  In her request, towards the goal of "terminat[ing] litigation," mother sought judicial notice of trial court orders entered in late June 2024.  As she specified in her RJN, those orders reflect that at a review hearing regarding its dependency supervision of the children (see Welf. & Inst. Code, § 364), the court "granted Mother sole physical custody and joint legal custody to both parents[,] and it terminated the dependency."

By an order dated July 11, 2024, this court offered the parties the opportunity to file letter briefs regarding whether the juvenile court's orders "render the appeal moot."  The order also noted that respondent's opposition, if any, to mother's RJN could be included in the letter brief or filed separately.  Our order also specified that either party's

3

decision not to file a letter brief would be regarded "as a concession which may result in the appeal being dismissed as moot."

Neither party filed a letter brief. Nor did respondent otherwise file opposition to mother's RJN, which we now grant.

Having reviewed the appeal in light of the foregoing, and given that mother provides no reason to conclude any meaningful justiciable issues remain on appeal, we find mother's appeal mooted by the juvenile court's orders entered on June 24, 2024.

DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.